UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAI HONG,<br><br>　　　Petitioner,<br><br>　　　v.<br><br>G. NEOTTI,<br><br>　　　Respondents. | NO. CV 11-6336-JAK (AGR)<br><br>OPINION AND ORDER ON PETITION FOR WRIT OF HABEAS CORPUS |

On August 2, 2011, Petitioner Hai Hong, proceeding *pro se*, filed a Petition for Writ of Habeas Corpus By a Person in State Custody ("Petition") pursuant to 28 U.S.C. § 2254. The Petition challenges his conviction in Los Angeles County Superior Court in 1993. (Petition at 2.)

**I.**

**PROCEDURAL BACKGROUND**

Pursuant to Fed. R. Evid. 201, this Court takes judicial notice of the records in a prior federal habeas corpus action brought by Petitioner in the Central District of California: *Hong v. Roe*, CV 97-2902-AAH (AJW) ("*Hong I*"). (*See also* Petition, Memorandum at 2 ¶ 9.)

On December 17, 1993, a Los Angeles County jury convicted Petitioner of

four counts of kidnapping for ransom, robbery, and attempted murder.  (Petition at 2.)  Petitioner was sentenced to 116 years to life, plus life without the possibility of parole.  (*Id.*)  On October 2, 1995, the California Court of Appeal affirmed the judgment.  (*Id.* at 2-3.)  On January 24, 1996, the California Supreme Court denied the petition for review.  (*Id.* at 3.)  Petitioner did not file any state habeas petitions.  (*Id.*)

In *Hong I*, on April 24, 1997, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254.  On October 8, 1999, the District Court issued an Order Adopting Magistrate Judge's Report and Recommendation and Judgment denying the petition with prejudice.  *Hong I*, Dkt. Nos. 31-32.  On October 25, 1999, Petitioner filed a Notice of Appeal.  *Id.*, Dkt. No. 33.  On April 18, 2001, the Ninth Circuit denied Petitioner's request for a certificate of appealability.  *Id.*, Dkt. No. 42.

The current petition challenges the same conviction and sentence as *Hong I*.  (Petition at 2.)

## II.
## DISCUSSION

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  Therefore, the Court applies the AEDPA in reviewing the Petition.  *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides, in pertinent part:  "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  A district court does not have jurisdiction to consider a "second or successive" petition absent authorization from the Ninth Circuit.  *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007); *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted).

Here, the Petition is a second or successive petition that challenges the same conviction and sentence imposed by the same judgment of the state court as in *Hong I*. (Petition at 2, Memo at 2 ¶ 9.) The petition in *Hong I* was denied with prejudice.

It plainly appears from the face of the Petition that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive petition. This Court must, therefore, dismiss the Petition as a successive petition for which it lacks jurisdiction under 28 U.S.C. § 2244(b)(3). *See Burton*, 549 U.S. at 152.

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Here, summary dismissal is warranted.

### III.
### ORDER

IT IS HEREBY ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: September 2, 2011

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

3